In the Matter of BEE LINE, INC., Petitioner, against LAZARUS JOSEPH, as Comptroller of the City of New York, Respondent.

First Department, May 18, 1954.

*James F. Conway* for petitioner.

*Morris L. Heath* of counsel (*Stanley Buchsbaum* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for respondent.

CALLAHAN, J.   The question on this appeal is whether the New York City use tax (Administrative Code of City of New York, § M41–16.0) is properly imposed on a portion of the rental price of automobile tires used by the petitioner on its omnibuses.   The petitioner obtained the tires under a rental agreement on a mileage basis.

The petitioner's rental arrangement is concededly a use, but the tax as authorized by the enabling act (L. 1934, ch. 873, as amd. by L. 1946, ch. 340) may be applied only within the limits

of New York City. Section 1 of the enabling act provides, *inter alia,* as follows: " This act shall not authorize the imposition of a tax on any transaction, originating and/or consummated outside of the territorial limits of any such city, notwithstanding that some act be necessarily performed with respect to such transaction within such limits."

Accordingly, the Local Law (Local Laws, 1940, No. 82 of City of New York, § 3, as amd.; Administrative Code, § M41-17.0, subd. 2) provides that it is not applicable with respect to the use of property purchased by the user while a nonresident of the city.

The petitioner is a domestic corporation operating omnibus lines in both Nassau County (which is outside the city) and Queens County (which is within the city). The percentage of its routes within Queens County is about 42% of the total. Its executive and business office is in Nassau County, and the facility which it uses as a terminal in Jamaica, Queens County, is used as a tenant in conjunction with other bus lines. The franchise, under which the petitioner operates in the city, permits it to pick up passengers in Jamaica solely for transportation to points in Nassau County, and on inward trips it may only pick up passengers outside the city limits for discharge at Jamaica. All of the petitioners' buses are garaged and serviced in Nassau County, including all parts of the tire service. The tires were received by the petitioner in Nassau County from the lessor, which is located in Akron, Ohio, and their only use in the city of New York is when the omnibuses roll into and out of the city.

There would be no doubt that the petitioner under ordinary criteria would be deemed a nonresident of New York City, but the comptroller points to a provision of the enabling act (§ 1) that a corporation shall not be deemed a nonresident by reason of the fact that its principal place of business is not within the city. He contends that this indicates an intent to tax a corporation doing a considerable part of its business here, and that this being a " use " tax as distinguished from a sales tax, it may be imposed on an allocated formula, at least, on the mileage representing use in the city. A use, he says, is not a transaction like a sale, which may be localized as consummated solely where the transfer of title takes place.

It was conceded on argument that the enabling act, the local law, and the regulations do not provide for any allocation of a use tax.

Carried to its logical conclusion, the comptroller's reasoning would permit the taxation of the omnibuses as well as the tires. It would permit taxes on nonresidents to the extent that they brought any property into the city and used it here, at least where the use occurred with some degree of regularity.

We are of the opinion that the enabling act contemplated quite the contrary result, i.e., that the tax was not to be imposed on people or corporations residing outside the city of New York as to a partial use within the city. The impact of the use tax under the statutory scheme was to be upon New York City residents, who used in the city goods purchased elsewhere.

The provision that a corporation shall not be deemed a non-resident, because its principal place of business is not within the city, does not mean that every corporation doing some of its business here is to be deemed a New York resident for the purpose of this tax. The statute affords no positive standard of what shall be deemed residence by a corporation. It is plain, however, that there must be sufficient presence here to constitute residence. If we were to assume that a corporation having its principal place of business elsewhere, but carrying on the principal part of its business here, would be subject to a use tax as to goods wholly or principally used here, these criteria would not warrant the imposition of the present tax. Clearly, the principal part of the petitioner's business is carried on outside the city, and the principal part of the use of these tires is also outside the city.

We are not concerned with the question of whether the tires involved come to rest within the city, for the tax is one on use by a resident. In any event, the tires come into the city of New York as part of a continuing process that brings them out again. At most, the stops here would be '' some act necessarily performed with respect to '' the use by a nonresident who travels into the city and out again. The law apparently intends that such transactions are not taxable.

The determination appealed from should be annulled, with $50 costs and disbursements to the petitioner.

PECK, P. J., DORE, BREITEL and BERGAN, JJ., concur.

Determination unanimously annulled, with $50 costs and disbursements to the petitioner. Settle order on notice.